IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY HUDSON-BRYANT, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-244 |
| | ) | |
| ONDERLAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ONDERLAW, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, OnderLaw, LLC ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Kimberly Hudson-Bryant's Class Action Complaint as follows:

## I.    INTRODUCTION

1.    The allegations in paragraph 1 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the law cited in paragraph 1 of the Complaint speaks for itself and further denies all allegations inconsistent therewith.

2.    The allegations in paragraph 2 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the law cited in paragraph 2 of the Complaint speaks for itself and further denies all allegations inconsistent therewith.

1

3.      The allegations in paragraph 3 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 3.

4.      The allegations in paragraph 4 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 4..

## II.    PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 and, therefore, denies them.

6.      Defendant admits the allegations contained in paragraph 6.

## III.    JURISDICTION AND VENUE

7.      The jurisdictional allegations of paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 7 and denies that this Court has subject matter jurisdiction over this action, including because Plaintiff lacks standing.

8.      The personal jurisdictional allegations of paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 8 and denies that this Court has subject matter jurisdiction over this action, including because Plaintiff lacks standing.

9.   The venue allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 9.

## IV.    FACTS

10.     Defendant admits Congress enacted the TCPA in 1991.  Defendant denies all other allegations in paragraph 10 of the Complaint.  Defendant further states that the law quoted in paragraph 10 of the Complaint speaks for itself and denies all allegations inconsistent herewith.

11.     The allegations in paragraph 11 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required, Defendant states that the law cited in paragraph 11 speaks for itself and further denies all allegations inconsistent therewith.

12.     The allegations in paragraph 12 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required, Defendant states that the law cited in paragraph 12 speaks for itself and further denies all allegations inconsistent therewith.

13.     The allegations in paragraph 13 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required, Defendant states that the law cited in paragraph 13 speaks for itself and further denies all allegations inconsistent therewith.

14.     The allegations in paragraph 14 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required, Defendant states that the law cited in paragraph 14 speaks for itself and further denies all allegations inconsistent therewith.

15.     The allegations in paragraph 15 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required, Defendant states that the law cited in paragraph 15 speaks for itself and further denies all allegations inconsistent therewith.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and, therefore, denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint and, therefore, denies them.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies them.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies them.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     The allegations in paragraph 32 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the law cited in paragraph 32 speaks for itself and further denies all allegations inconsistent therewith.

33.     The allegations in paragraph 33 of the Complaint are not well pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the regulations cited in paragraph 33 speak for itself and further denies all allegations inconsistent therewith.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies them.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and, therefore, denies them.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint and, therefore, denies them.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

## V.    CLASS ACTION ALLEGATIONS

40.     Defendant admits that Plaintiff purports to bring this action on behalf of the Classes described in paragraph 40 of the Complaint.  Defendant denies all remaining allegations of paragraph 40 of the Complaint, including that the action or the classes are authorized by Rule 23 of the Federal Rules of Civil Procedure or any other authority.

41.     Defendant admits that Plaintiff purports to bring this action on behalf of the Classes described in paragraph 41 of the Complaint.  Defendant denies all remaining allegations of paragraph 41 of the Complaint, including that the action or the classes are authorized by Rule 23 of the Federal Rules of Civil Procedure or any other authority.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    The allegations of paragraph 48 of the Complaint are not well pleaded facts but states legal conclusions to which no response is required to the extent a response is required, Defendant denies the allegations.

49.    Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.    Defendant incorporates by reference all of its foregoing responses as is fully set forth herein.

56.    Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.    Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief" paragraphs including in each and every allegation in the sub-paragraphs on page 11 of the Complaint, and specifically denies that Defendant violated the TCPA or any Regulation in any manner whatsoever and that Plaintiff is not entitled to Class Certification or appointment as Class Representative or Counsel, or any other relief whatsoever.

**DEMAND FOR JURY**

Defendant denies that any of the allegations set forth in the Complaint alleges trial by jury against Defendant.

**GENERAL DENIAL**

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, the Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to allege sufficient facts to show the Defendant made any "telephone

solicitations" or "telemarketing" calls because Defendant's communication with the Plaintiff was initiated due to the established business relationship with a client who bore the same telephone number as Plaintiff and clearly and factually are not "solicitations" or "telemarketing" communications.

## SECOND AFFIRMATIVE DEFENSE
### (Subject to Terms of Service Including Consent and Arbitration)

To the extent that Plaintiff and the punitive class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of.

## THIRD AFFIRMATIVE DEFENSE
### (Prior Express Consent for Non-Marketing Calls)

Plaintiff and the punitive class members are barred from asserting their claims because the alleged calls and texts at issue are non-marketing or non-advertising messages, and Plaintiff and the punitive class members (if any) are only messaged on the phone numbers they provided to Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the punitive class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclaimed Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclaimed hands.  For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent she or others (if any) voluntarily provided telephone numbers for the purposes of receiving messages like those referenced in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the punitive class members (if any) are barred from asserting their claims in whole or in part by their failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (No knowing or willful misconduct)

Any claim for damages is barred because Defendant did not engage in knowing or willfulness conduct.

### EIGHTH AFFIRMATIVE DEFENSE
### (No proximate cause)

Defendant did not proximately cause any damages, injury, or a violation alleged in the Complaint. Instead to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff or other persons who provided the number on which Plaintiff was allegedly called and texted) proximately caused any damages, injuries or violations at issue, to the extent they occurred.

### NINTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the punitive class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the alleged calls at issue are not fairly traceable to any violation allegedly committed by Defendant, pursuant to *Trans Union LLC v. Ramirez*, 141 S.Ct. 2190 (2021), and *Spokeo, Inc., v. Robbins*, 135 S.Ct. 1892 (2015). This is particularly true here, given that she or others voluntarily provided their numbers and addresses for the purpose of receiving messages like those referenced in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

To the extent that the Complaint states a claim, Third Parties or Plaintiff herself caused or were responsible for the alleged harm.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Ratification)

Defendant did not ratify any of the conduct of which the Complaint complains and cannot be held liable for it.

## TWELTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrong doing alleged in the Complaint was caused by third parties or plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assisted in any of the conduct of which the Complaint complains and cannot be held liable for.  As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRTEETH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the Regulations and Rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## FOURTHTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA or the National Do Not Call Registry upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the due process provisions of the United States Constitution.  For example, certain definitions contained in the TCPA render the statute as constitutionally vague.  Additionally, the statutory penalty sought by Plaintiff is excessive.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA, the National Do Not Call Registry or Rules and Regulations promulgated thereunder.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statues, regulations, ordinances, and/or laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Compliance with 47 C.F.R., § 64.1200(c)(2)(i))

Any and all claims brought in the Complaint are barred in whole or in part because (a) violation of the TCPA or the National Do Not Call Registry accrued as a result of error, and, as part of its routine business practice, Defendant meets the standard as set forth in 47 C.F.R. §64.1200(c)(2)(i).

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith; Reasonable Practices)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrong doing of any violations resulting from a bona fide error, despite reasonable practices to prevent violations of the TCPA and or the National Do Not Call Registry related regulations.

### NINETEENTH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiff's claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the pre-requisite set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a Class Action.  Further, Defendant hereby gives notice that in the event that this Court certifies a Class, which Defendant denies would be appropriate, it

reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such Class (if any).

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Written Permission)

Defendant is not liable to Plaintiff for any of her claims because Defendant had written permission to call and/or text the telephone number presented in Plaintiff's Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Rights to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice of intent to rely on such other and further affirmative defenses that may become available during discovery in this action. Defendant reserves the right to amend its answer to assert any such defense.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2.      For dismissal of the Complaint with prejudice;

3.      That the Court award costs and reasonable attorney's fees to Defendant;

4.      For such other and further relief as the Court deems just and proper.


**ONDERLAW, LLC**

By      */s/ Martin L. Daesch*
        Martin L. Daesch, #40494
        Kaitlin A. Carpenter, #74599
        110 E. Lockwood
        St. Louis, MO 63119
        (314) 963-9000
        (314) 963-1700 facsimile
        daesch@onderlaw.com

carpenter@onderlaw.com
Attorneys for Plaintiff

### **CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing document was electronically filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all attorneys of record on this 25th day of March, 2025.

/s/ *Martin L. Daesch*