**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated, | ) ) ) ) | No. 4:25-cv-244 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ONDERLAW, LLC, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant OnderLaw, LLC ("Defendant" or "OnderLaw"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submits the following memorandum in support of its motion for judgment on the pleadings:

### I.   INTRODUCTION

On February 27, 2025, Plaintiff filed a lawsuit against OnderLaw alleging violations of the Telephone Consumer Protection Act of 1991 (the "TCPA"). Plaintiff alleged that OnderLaw sent her several telephone messages which violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.100(c). Complaint, ¶ 20; 56. Plaintiff brought the action for herself and a putative class she sought to define as: "All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Blenders [sic], (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial." Complaint, ¶ 40.

Plaintiff's single count Complaint is entirely dependent on the speculation that the TCPA applies to the messages sent by Defendant. However, the allegations of the Complaint and the included screenshots demonstrate the messages sent by OnderLaw were not 'telephone solicitations' as defined by the TCPA. It is undisputed that the TCPA only applies to messages which contain advertisements for products or services and does not apply to attorney/client messages. Accordingly, Plaintiff failed to state a claim—and cannot state a claim under the TCPA. OnderLaw seeks judgment on the pleadings as set forth below.

## II.   STATEMENT OF FACTS

Defendant is a law firm. Complaint ¶ 5; Answer ¶ 6. Defendant's retained client provided Plaintiff's telephone number to OnderLaw as the client's point of contact. Answer, First Affirmative Defense; Third Affirmative Defense; Fourth Affirmative Defense; Fifth Affirmative Defense; Ninth Affirmative Defense; Twenty-First Affirmative Defense. Defendant's employees contacted Plaintiff's telephone number in their effort to receive a completed information form that was court-requested; the texts and voicemails were not telemarking or advertising. Complaint ¶ 21, 23, 26–27; Answer, First Affirmative Defense.

## III.   LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standards as a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Nat'l Fire Union Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 619 (8th Cir. 2023). Therefore, courts must consider whether the Plaintiff has pled "enough facts to state a claim that is plausible on its face." *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 50, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint's factual allegations must be sufficient to "raise a right to relief above

the speculative level" and cannot rely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550. U.S. at 555.

The Court should accept all well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). In contrast, bare legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court may properly consider "the pleadings themselves, *materials embraced by the pleadings*, exhibits attached to the pleadings, and matters of public record." (emphasis added). *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017) (internal citation and quotes omitted). "The Court may consider matters incorporated by reference or integral to the claim . . . and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Sibanda v. Kane Logistics*, 2024 WL 4700639, at *4 (W.D. Mo. Nov. 6, 2024) (internal quotes omitted). A motion for judgment on the pleadings should be granted only when the allegations or incorporated materials "show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). A motion for judgment on the pleadings may also serve as a vehicle for asserting an affirmative defense. When an affirmative defense "is obvious on the face of a complaint," a defendant can assert that defense in a Rule 12(b)(6) motion or, presumably, in a motion for judgment on the pleadings. *Aderhold v. Car2go N.A., LLC*, 2014 WL794802 at *3 (W.D. Wash. February 27, 2014), *aff'd*, 668 F. App'x 795 (9th Cir. 2016) citing *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

"The harm to be remedied by the TCPA was the unwanted intrusion and nuisance of unsolicited telemarketing phone calls and fax advertisements." *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019). "To state a claim under the TCPA, a plaintiff must allege [they] received more than one phone solicitation from the same entity within a one-year period to a

3

residential phone number and that the solicitations were in violation of a TCPA regulation." *Vallesillo v. Money Tree Merch. Servs. Corp.*, No. 8:23-CV-536, 2024 U.S. Dist. LEXIS 97600 at *17 (D. Neb. May 23, 2024). "To find [OnderLaw] liable for violations of the TCPA under § 64.1200(c)[], Plaintiff must establish that: (1) [s]he received more than one text message within a 12-month period; (2) sent by or on behalf of [OnderLaw]; (3) [OnderLaw] sent the messages for the purpose of encouraging the purchase or rental of, or investment in, property, goods, services; (4) without Plaintiff's prior consent; (5) to Plaintiff's residential telephone number; (6) which was registered on the DNCR." *McMorrow v. Core Props., LLC*, No. 4:23-cv-00126-JAR, 2023 U.S. Dist. LEXIS 22307 at *15 (E.D. Mo. Dec. 15, 2023).

## IV.   ARGUMENT

Plaintiff's claims are barred on the face of the Complaint because Defendant's communications to Plaintiff's telephone number were clearly and unmistakably not advertisements or telemarketing. Plaintiff speculates these messages were for advertising purposes, but the content of the messages show otherwise. As evidenced by the messages embedded or referenced in Plaintiff's Complaint, the messages sent by OnderLaw were part of their efforts to obtain completed litigation documents from a retained client, not an advertisement. Accordingly, Plaintiff cannot establish a claim under the TCPA.

### A.   Plaintiff Failed to State a Claim

The TCPA was enacted to protect consumers from intrusive and unwanted telemarketing calls or messages. *Golan v. Veritas Entertainment, LLC*, 788 F.3d 814, 819 (8th Cir. 2015). 47 U.S.C. § 227(c)(5) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." Section 64.1200(c)(2) states that "[n]o person or entity shall initiate any **telephone solicitation** to[] . . . [a] residential telephone subscriber who has

4

registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (emphasis added). A 'telephone solicitation' is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . ." 47 U.S.C. § 227(a)(4). Consequently, "messages that do not promote a commercial product or service . . . are not solicited advertisements under the TCPA." *In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991; Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, at 3810 (April 6, 2006).

On the face of Plaintiff's complaint, it is obvious and unmistakable that Defendant did not send any telephone solicitations. The messages sent to Plaintiff did not encourage the purchase of legal services, as the messages were clearly directed towards a retained client:

> **+13146495000**
> 3:20 PM, Jan 16
>
> Attn. Roundup Client - This is your OnderLaw Roundup Team. We have sent a critical document to the email we have on file for you, via DocuSign and Nick Williams, a member of our Client Communications Team. Please complete and submit this document as soon as possible. PLEASE COMPLETE ON A COMPUTER, LAPTOP, OR TABLET TO AVOID FORMATTING ISSUES. When the document is successfully submitted, you will receive another email from DocuSign with the completed PDF attached. We also receive a copy of this email.
>
> If you have already completed the document in question, thank you and please disregard this message. Any questions, please call 314-373-4597 or email roundup@onderlaw.com.

5

Complaint, ¶ 23. This message is from the OnderLaw Roundup team, directed to the "Roundup client," references a critical document that was sent to an email already on file, and requested that the client submit the document as soon as possible. *Id*. Plaintiff complains of two additional messages sent by OnderLaw. *See* Complaint, ¶¶ 26–27. Like the above text message, these phone messages were made in efforts to have a retained Roundup client complete a critical information sheet: "I'm calling regarding a critical claim form that we need you to complete." "I'm calling in regards to a claim form that we sent you." *Id*. These messages do not request that Plaintiff becomes a client nor do they reference a retainer or advertise for any commercial product or service. Instead, the content of the messages show Defendant simply wanted to complete important documents needed for a client's case and Plaintiff's casting the messages as "advertising" does not raise her right to relief about a speculative level.

Plaintiff alleged the above messages "were sent in an effort to get the Plaintiff to sign up with OnderLaw to obtain their representation in Roundup mass tort litigation, and the document referenced is the OnderLaw's attorney-client fee and representation agreement." Complaint, ¶ 28. Plaintiff's inaccurate speculation is not entitled to the presumption of truth, especially since the content of the messages themselves disprove her allegations. It is obvious from the messages that Defendant was not intending to solicit legal services—the messages show that OnderLaw believed it was communicating with a Roundup client. The text messages' authenticity is unquestioned, they are integral to the claim, and they are incorporated in Plaintiff's Complaint, so this Court may consider them when determining if Plaintiff stated a plausible claim. *Kane*, 2024 WL 4700639, at *4. As explained above, Plaintiff's own allegations show that Plaintiff hasn't "raise[d] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6

Federal District courts across the nation have routinely granted motions to dismiss or judgment on the pleading when the alleged offending text, voicemail or call is embedded in the plaintiff's complaint and is clearly not telemarking or advertising. In *Daniel v. Five Stars Loyalty, Inc.*, 2015 WL 7454260, at *4–5 (N.D. California. 2015) the plaintiff unsuccessfully argued that "whether a message qualifies as an advertisement or telemarketing cannot be determined from its face alone." The court granted defendant's motion to dismiss, finding that common sense and context can be utilized to determine if a message is advertising or telemarking on a motion to dismiss when that message is embedded in the plaintiff's complaint.[1] *Id*. at *7. Likewise, the court in *Aderhold v. Car2go* granted the defendant's motion for judgment on the pleadings finding the embedded text message at issue was not telemarking.[2] 2014 WL 794802 at *9; *11. Similarly, in *Suriano v. French Riviera Health Spa, Inc.*, the district court granted defendant's motion to dismiss because the five messages sent to plaintiff and embedded in plaintiff's complaint did not constitute telemarketing or advertising. 2018 WL 6702749, at *3 (E.D La. Dec. 20, 2018).[3] Additionally, in *Dolemba v. Illinois Farmers Ins. Co*, 2015 WL 4727331, at *1; 5 (N.D. Ill. Aug. 10, 2015), the district court granted defendants' motion to dismiss because the prerecorded message inviting plaintiff to attend "a town hall call offering a business opportunity promoting the commercial availability of insurance, goods, intangibles and services[]" was not an advertisement or telemarketing.

---

[1] The text message sent to plaintiff stated, "Welcome to Five Stars, the rewards program of Flame Broiler. Reply with your e-mail to finish registering and get free pts! Txt STOP to unsubscribe." *Id*. at *1.

[2] After registering to become a member of car2go the plaintiff received a text saying, "Please enter your car2go activation code 145858 into the emailed link. We look forward to welcoming you to car2go." *Id*. at *1.

[3] The respective text messages stated, "Dear member, Welcome to Riviera Fitness! Where your fitness is our strength. We're excited to have you as a member. Have a great work out!" "Dear member, We offer a variety of classes and small group training. Click here [link omitted], for class schedules"; "Dear Member, Become your best self with our Personal Trainers. Ask us for info on our PT program." "Follow us on social media! [links followed]" "Dear member, do you know that we have a blog? Each month we post workout tips, testimonials and much more!" *Id*. at *1.

## V. CONCLUSION

As evidenced by the messages themselves, Plaintiff failed to state a claim that is plausible on its face. The messages OnderLaw sent to Plaintiff's phone number were not solicitations as defined by the TCPA. These messages did not promote a commercial product or service and therefore were not telephone solicitations. Plaintiff's speculations that Defendant's messages were efforts to retain Plaintiff as a Roundup client are just that—fanciful speculations, which are insufficient to raise Plaintiff's allegations to show a plausible claim for relief. Plaintiff did not (and cannot) establish that Defendant's communications violated the TCPA. This Court therefore should enter judgment on the pleadings in favor of OnderLaw pursuant to Rule 12(c), award OnderLaw costs and reasonable attorney's fees for defending this frivolous action, and for all such other and further relief as the Court deems just and proper.

**ONDERLAW, LLC**

By  */s/ Martin L. Daesch*
Martin L. Daesch, #40494
Kaitlin A. Carpenter, #74599
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000
(314) 963-1700 facsimile
daesch@onderlaw.com
carpenter@onderlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was electronically filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all attorneys of record on this 16th day of June, 2025.

/s/ *Martin L. Daesch*

8